IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3138-F

| | |
|---|---|
| JOHN L. SAUNDERS, III, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| OFFICER CASPER, | ) |
| Defendant. | ) |

This matter is before the court upon Defendant's motions to dismiss [DE-13] and to deem the motion to dismiss timely filed [DE-16]. For the following reasons, Defendant's motions [DE-13,16] are ALLOWED and Plaintiff's complaint is DISMISSED.

On May 27, 2014, Plaintiff[1] filed this action pursuant to 42 U.S.C. § 1983. Compl. [DE-1]. The court conducted a frivolity review on October 1, 2014 [DE-7] and directed the Clerk of Court to continue management of Plaintiff's claims.[2] Defendant filed the instant motions contemporaneously on December 10, 2014 [DE-13, 16], and Plaintiff was notified about the motion to dismiss, the consequences of failing to respond, and the response deadline [DE-17]. Plaintiff has not filed a response, and the time for doing so has expired. Accordingly, these matters are ripe for adjudication.

---

[1] At the time he filed his complaint, Plaintiff was a state inmate proceeding pro se. Compl. [DE-1], p. 2. He has since been released from custody [DE-6].

[2] During frivolity review, Plaintiff's claims against Defendant Felix Taylor were dismissed because Defendant Taylor was named solely in his supervisory capacity. October 1, 2014 Order [DE-7], p. 2

## I. Motion to deem motion to dismiss timely filed

Defendant's answer was due on November 29, 2014 [DE-11], and the instant motion was not filed until December 10, 2014 [DE-13]. "When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Here, Defendant executed a waiver of service but was also conventionally served. Mot. [DE-16], pp. 1-2. The waiver and conventional service were completed on different days, and the overlap caused counsel to misunderstand when an answer was due. Id. These circumstances indicate that Defendant was acting in good faith. Given Defendant's good faith, the short delay, and the fact that Plaintiff did not respond to either of the instant motions, Defendant's motion to deem his motion to dismiss timely filed [DE-16] is ALLOWED.

## II. Motion to dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.

2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

As an initial matter, the court notified Plaintiff about the motion to dismiss, the consequences of failing to respond, and the response deadline [DE-17]. Specifically, Plaintiff was admonished that "[i]f [he] fail[ed] to respond, the Court may grant the motion and [his] case [may] be dismissed." Id. Plaintiff did not respond, and the time for doing so has expired. Thus, Defendant's motion could be allowed on that basis alone. Bazzi v. M'Bai, No. 5:11-CV-353-H, 2014 WL 1874600, at *1 (E.D.N.C. Mar. 7, 2014) (dismissing case for that plaintiff's "failure to prosecute and participate in [the] litigation").

Regardless, Defendant contends that Plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedy procedures regardless of the types of relief such procedures offer. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory

3

under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

However, "the PLRA does not require a prisoner to allege that he has exhausted his administrative remedies . . . ." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 675 (4th Cir. 2005). "Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." Id. at 683. Nonetheless, the court may "dismiss[] a complaint where the failure to exhaust is apparent from the face of the complaint," and may "inquir[e] on its own motion into whether the inmate exhausted all administrative remedies." Id.; see Green v. Rubenstein, 644 F. Supp. 2d 723, 741–42 (S.D. W. Va. 2009).

Here, Plaintiff concedes on the face of his complaint that he did not exhaust his claims. Specifically, he asserts that "it [wa]s not legally possible for him to meet the [exhaustion] requirements" because of his pending release from custody. Compl. [DE-1], p. 3. However, "an inmate's release from prison while his § 1983 action is pending does not exempt him from the PLRA's administrative exhaustion requirement." Hardee v. Turner, No. 5:09-CT-3199-FL, 2011 WL 2173624, at *1, n.1 (E.D.N.C. June 2, 2011). Accordingly, Defendant's motion to dismiss [DE-13] is ALLOWED.

## Conclusion

For the aforementioned reasons, Defendant's motions [DE-13,16] are ALLOWED and Plaintiff's complaint is DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED. This the _17_ day of August, 2015.

_____
JAMES C. FOX
Senior United States District Judge

4